UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

UNITED STATES OF AMERICA,

               Plaintiff,

vs.                                                         Cr. No.   17-10092-A

KRYSTLE SHEALS

               Defendant.

---

## REPLY TO GOVERNMENT'S MOTION TO QUASH SUBPOENA AND RESPONSE TO COURT ORDER

---

NOW IN THE COURT, through undersigned counsel comes the defendant in the above-captioned matter who files this Reply to the United States Motion to Quash Subpoena and to the Court's Order Requiring Hearing on Government's Motion to Quash and Defendant's Ex Parte Motion for Subpoenas.

In response to the Motion to Quash filed by the United States and in response to the Court's Order requiring a hearing on the same, defendant acknowledges defects in her compliance with Federal Rules of Criminal Procedure Rule 17 in the subpoena to Nichols Fire and Safety.  However, defendant intends to correct the technical errors and fully comply with Rule 17.  Defendant opposes the Motion to Quash for the following non-exclusive reasons:

Defendant suggests that the United States does not have standing to object to a subpoena issued to any witness, even if the witness is a victim in a criminal matter.  "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *In re Grand Jury,* 619 F.2d 1022, 1027 (3rd Cir. 1980).  "The prosecution's standing rests upon its interest in preventing undue lengthening of the trial,

undue harassment of its witness, and prejudicial over-emphasis on credibility." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).  However, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed.R.Evid. Rule 401*.  Generally, relevant evidence is admissible at trial unless the Constitution, a statute, or a rule provides otherwise. *Fed.R.Evid. 402*. Finally, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed.R.Evid. 403*.  Importantly to the standing objection is that defendant avers that the subpoena issued to Nichols Fire and Safety is not intended nor will result in undue lengthening of the trial, undue harassment of its witness nor cause prejudicial over-emphasis on credibility.  Defendant respectfully requests an ex parte hearing at which time counsel may represent to the court the basis for the above assertion.

The United States alleges that defendant is using the subpoena as an additional means of discovery.  Importantly, Rule 16 requires the government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items." *Fed.R.Crim.P. 16(a)(1)(E)*.  However "this obligation does not arise if the items are not in the government's possession, custody or control, the item is material to preparing a defense, the government intends to use the item in its case in chief or the item was obtained from the defendant."  *United States v. Raineri*, 670 F.2d. 702, 712 (7th Cir. 1982).  Distinct from the discovery process,  Rule 17(c) "assures the defendant of her constitutional right to have compulsory process for obtaining witnesses in his favor, by providing a means to subpoena witnesses and document for a trial." *Id*.  Defendant, having been employed by Nichols Fire and Safety has enough knowledge of the banking records and the book

keeping records that the request is made in good faith, is not a "fishing expedition" and that the subpoenaed items "are material to an issue in the case."  *United States v. Al-Amin*, 2013 WL 3865079 at*6 (E.D.Tenn.2013).  If required counsel for defendant will explain to the Court ex parte and with specificity, the relevance of the items, the materiality of the items, the admissibility of the material and why the specific items are essential to defendant's constitutional right to a fair trial and an effective defense.  However, at this time defendant objects to disclosing this information to the United States.

In response to the Court's Order to serve a copy of defendant's ex parte motion upon the government who will then provide a copy to the victim, defendant objects for the following non-exclusive reasons:

> Rule 17 states:
>> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice *to the victim* so that the victim can move to quash or modify the subpoena or otherwise object (emphasis added).
>> Federal Rules of Criminal Procedure, Rule 17(c)(3), 2018

The above cited Rule states that the subpoena be served upon the *victim*, to which defendant has no objection.  If the victim, Nichols Fire and Safety has an objection to the subpoenas, then standing to object is with Nichols Fire and Safety. "The Government cannot undertake to act as counsel to its witnesses.  If a Government witness needs counsel, and cannot afford to retain his or her own counsel, the Court would consider the appointment of counsel. But the Government's interests and that of its witnesses are not identical and it would therefore be inappropriate for the Government's attorney to act as counsel to its witnesses." United States v. Nachamie, 91 F. Supp. 2d 552, 560–61 (S.D.N.Y. 2000).

Defendant intentionally filed her motion ex parte and under seal so as to protect specific trial strategy and defenses from being revealed to the prosecution pretrial.  Though counsel for defendant has discussed these subpoenas in generalities with Assistant United States Attorney Matthew Wilson, defendant objects to fully disclosing by way of a detailed unsealed motion, her trial strategy and defense, thus the rationale for filing the motion ex parte and under seal. Furthermore, defendant objects to disclosing the same in open court at the Court ordered Hearing.

For the reasons stated above, defendant prays that this Honorable Court, after an ex parte hearing, deny the United States' Motion to Quash and that the Order to serve a copy of defendant's subpoenas on the victim by way of the United States be reconsidered and that the Order be amended to order defendant provide notice to Nichols Fire and Safety directly, as provided in Rule 17.

Respectfully submitted,

/s/ Lee Gerald
Lee Gerald
Attorney at Law
619 South Cooper
Memphis, TN  38104
(901) 525-8848

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Reply to Government's Motion to Quash Subpoena and Response to Court Order has been electronically forwarded to Mr. Matthew J. Wilson, Assistant U.S. Attorney, 109 South Highland Avenue, Suite 300 Jackson, TN 38301.

This the 17th day of October, 2018.

/s/Lee Gerald_____
Lee Gerald
Attorney at Law