# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 17-10092-STA |
| | ) | |
| v. | ) | |
| | ) | |
| KRYSTAL SHEALS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S EX PARTE MOTION FOR SUBPOENAS AND DENYING THE GOVERNMENT'S MOTION TO QUASH

On September 13, 2018, the Government filed a motion to quash subpoenas issued by Defendant for certain bank records and other financial information of Jonathan Nichols, owner of Nichols Fire and Security ("NFS"). (ECF No. 46.) In response, Defendant asks the Court to deny the Government's motion on the ground that the Government lacks standing to object to the issuance of the subpoenas. (ECF No. 51.) On October 4, 2018, Defendant submitted an ex parte motion for subpoenas for production of documents prior to trial under Rule 17(c)(3) of the Federal Rules of Criminal Procedure. Under that rule, "a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." Fed. R. Crim. P. 17(c)(3).

A hearing on the two motions was held on October 22, 2018.

The Government's Motion to Quash

As the parties acknowledged at the hearing, there is "some doubt that the Government may bring a motion to quash a criminal defendant's subpoena duces tecum." *United States v. Bunch*, 2009 WL 3245773 at *1–2 (E.D. Tenn. Oct. 2, 2009) (citing *United States v. Compton*, 1994 WL 328303 *3 (6th Cir. July 1, 1994) (noting that the universities subject to the subpoenas

should have been the entities to challenge the subpoenas as unreasonably burdensome), and *United States v. Justice*, 2001 WL 820902 *6 n. 2 (6th Cir. June 25, 2001) (citing *Compton* as questioning whether a party had standing to challenge a Rule 17(c) subpoena to a third party)). The *Bunch* Court "[had] the same doubts about the Government's standing to move to quash the Defendant's subpoenas" but determined that "until the question of standing is definitively resolved, the Court will, as it has in the past, proceed with an analysis of the merits of the Government's motion." *Bunch*, 2009 WL 3245773 at *1–2.

Here, the Court finds that the plain language of Rule 17(c)(3) gives the victim the right to object to the subpoena or move to quash. Therefore, the Government's motion to quash is **DENIED**.

Defendant's Ex Parte Motion for Subpoenas

At the hearing, Defendant was allowed to present argument and testimony on her motion ex parte. Based on Defendant's argument and the testimony provided by Defendant, the Court finds that Defendant has preliminarily met the criteria for the issuance of subpoenas under Rule 17(c).[1] However, before the subpoenas are issued, Defendant must give notice to the victim, Jonathan Nichols, owner of NFS, so that he "may move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3). Defendant is ordered to give such notice within three (3) of the entry of this order.[2] Nichols will then have seven (7) days in which to file an

---

[1] To prevent a defendant's misuse of Rule 17(c) to expand the scope of discovery, the Court in *United States v. Nixon* held that a defendant could subpoena materials using a Rule 17(c) subpoena only if four conditions are met. 418 U.S. 683, 699 (1974). "First, the items must be evidentiary and relevant. Second, the items may not be otherwise procurable through due diligence prior to trial. Third, the requesting party must be unable to properly prepare for trial without such pre-trial production and inspection. And, finally, the application must be made in good faith and not amount to a 'fishing expedition.'" *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013) (citing *Nixon*, 418 U.S. at 699).

[2] A statement that notice has been provided to Nichols must be filed with the Court.

objection to the issuance of the subpoenas and/or a motion to quash.  If Nichols does not file an objection or motion to quash within the requisite time, the Court will enter an order authorizing the issuance of the requested subpoenas without further notice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  October 23, 2018